Kincaid v. Burem.

CAROLINE KINCAID v. A. L. BUREM AND WIFE et al.

HOMESTEAD.   Mode of conveyance.   Previous to the constitution of 1870,
the husband could convey valid title to the homestead without the
concurrence of the wife, even where he declared his intention to claim
the homestead, in the manner then provided by law, unless the home-
stead had been actually laid off.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville.
H. C. SMITH, Ch.

—— ——- for complainant.

A. D. HUFFMASTER for defendant.

FREEMAN, J., delivered the opinion of the court.

Complainant is the wife of A. Kincaid, who owned
the land out of which homestead is sought in this bill.
In May, 1866, and consequently before our present
constitution and law passed in pursuance thereof, said
Kincaid made out and caused to be registered his dec-
laration of intention to claim a homestead under Code,
sec. 2114, describing the land as one tract of land
lying in Carter's Valley, on the waters of Big Creek,
in civil district No. 8, adjoining the lands of William
E. Carmichael and others.   In November, 1866, the
husband sold this tract of land, and conveyed it to

E. E. Gillenwaters, the wife not joining in the deed. The present defendants claim under Gillenwaters. The question is, has complainant a right to recover homestead in the land under the state of facts given.

It has been held in the case of *Bilbrey* v. *Poston*, 4 Baxt., 232, that under the law as it stood at the time of this conveyance, the husband could sell his land, and defeat the homestead, without the wife joining in the conveyance. There had been no declaration filed in that case as in this.

In the case of *Kennedy* v. *Stacey et al.*, 1 Baxt., 220, Judge McFarland stated the law to be, that there was no prohibition against husband's selling the land, nor requirement that the wife should join in a conveyance, unless the homestead had been laid off, as required by the sections of the Code then in force.

After careful examination, we think this statement is, beyond question, the true construction of the sections referred to, to-wit, secs. 2114 to 2119 inclusive.

The object of the statute was to protect, by declaration filed and registered, from execution or attachment against the head of the family. It is then provided how the homestead shall be laid off in case of levy and sale, and then requires registration of the report of freeholders, by the debtor, within twelve months after a delivery of a certified description of the land set apart; and when so registered, it vests in the debtor exempt from execution. Then by next section, 2119, it is declared that "the homestead so set apart shall not be aliened by the owner, if a married man, except by the joint deed of husband and wife."

It is seen that the case provided for, in which the wife is to join in the deed, is not the case presented in this bill.

The result is, the chancellor's decree dismissing the bill on demurrer, must be affirmed with costs.